NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DEANNA M. ROBERTSON and BRYAN ROBERTSON, her husband, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> SCOTT A HYNSON, : <br> : <br> Defendant. : | Civil No. 18-13391 (RBK/AMD) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion for Partial Summary Judgement (Doc. 46). For the reasons stated herein, the Motion for Partial Summary Judgment is **DENIED** as to Plaintiff Bryan Robertson's loss of consortium claim and **GRANTED** as to Plaintiffs' claim for loss of use to and damage to the jet ski.

**I.      BACKGROUND**

Plaintiffs are Deanna Robertson and her husband, Bryan Robertson. Defendant is Scott Hynson. Plaintiffs brought this claim in the Superior Court of New Jersey, Cape May County after Plaintiff Deanna Robertson, operating a jet ski, collided with Defendant's boat, which was towing a tube for recreation. (Doc. 1-1, "Compl." ¶¶2–3). This collision occurred in the Gravens Thorofare south of Avalon, New Jersey. (Compl. ¶2). Plaintiffs assert three causes of action: (1) a personal injury claim requesting damages that Plaintiff Deanna Robertson suffered from the collision; (2) a loss of consortium claim arising from Plaintiff Bryan Robertson's loss of his wife's wife services after her injuries; and (3) a claim for loss of use to the jet ski involved in the collision. Defendant

removed this action to federal court pursuant to this Court's admiralty jurisdiction (Doc. 1) and has now moved for partial summary judgment as to Plaintiffs' second and third claims (Doc. 46, "Mot."). Plaintiffs opposed (Doc. 47, "Opp."), and Defendant replied (Doc. 48, "Reply").

## II. LEGAL STANDARD

### A. Motion for Summary Judgment

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in his favor. *Id*. at 255; *Matsushita*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which a jury might return a verdict in his favor. *Id.* at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. DISCUSSION

Defendant argues that he is entitled to partial summary judgment as to Plaintiffs' claims for (1) loss of consortium and (2) loss of use of and damage to the jet ski. The Court addresses each argument in turn.[1]

### A. Loss of Consortium

Defendant first moves for summary judgment on the loss of consortium claim. Defendant argues that damages for loss of consortium claims are unavailable to an injured's family under general maritime law, and therefore the Court should dismiss the claim. (Mot. at 5.) From the outset, the Court notes that there is very little precedent from the Supreme Court and the Third Circuit on the issue of whether a non-injured family member may recover non-pecuniary damages under general maritime law. Two relevant opinions from the Supreme Court provide some insight: *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32–33 (1990) and *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 199 (1996). In *Miles*, the Supreme Court denied the claims of the mother of a deceased Jones Act seaman for loss of society, expressing a desire for uniformity in the application of maritime law. *Miles*, 498 U.S. at 32–33. Because the Jones Act did not provide for non-pecuniary damages to seamen covered under the Act, the Court held a seaman's family member could not recover damages that would be unavailable to the seaman. *Id.* However, in *Yamaha,* the Supreme Court clarified and limited *Miles*. In that case, a twelve-year-old girl was killed while riding a jet ski in the territorial waters of Puerto Rico. The Court held that the family of the decedent, a non-

---

[1] Neither party disputes that general maritime law applies to claims arising from collisions on the navigable waters of the United States. Therefore, the Court applies general maritime law to adjudicate this Motion. *See Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 675, 102 S. Ct. 2654 (1982).

seaman, could move forward with state law claims for damages despite the case falling "within admiralty's domain." 516 U.S. at 206, 216. Since *Yamaha*, the Supreme Court has not expanded or clarified its rulings, and the Third Circuit has similarly not voiced an opinion on the issue.

Defendant urges the Court to adopt a wide reading of *Miles* and to endorse a view that reflects the *Miles* Court's desire for uniformity in maritime law. (Mot. at 5, 7). Defendant is correct that this District has declined to award loss of consortium claims on two occasions, in *Tammy v. Carnival Cruise Lines*, No. 13-cv-4716(JLL)(JAD), 2015 WL 7069654 (D.N.J. Nov. 13, 2015) and *Siegel v. Norweigan Cruise Line*, No. 00-cv-6271, 2001 WL 1905983 (D.N.J. May 14, 2001). Both *Tammy* and *Siegel*, however, involved claims brought by passengers of cruise ships, rather than non-seamen piloting vessels. In *Tammy*, the court briefly discussed the uniform rule articulated in *Miles* in its grant of summary judgment as to the loss of consortium claim, with no mention of *Yamaha*. *See Tammy*, No. 13-cv-4716 (JLL)(JAD), 2015 WL 7069654, at *10. But, in *Tammy*, the court acknowledged that the Third Circuit has yet to address the validity of loss of consortium claims for personal injury of non-seamen. *Id.* And while the court in *Siegel* indeed granted summary judgment as to the loss of consortium claims here, it held that the claims were barred by a one-year statute of limitations in the contract between the passenger and the cruise line party to the case. *Siegel*, No. 00-CV-6271, 2001 WL 1905983 at *5. Accordingly, neither case is directly determinative of the pending motion.

A survey of case law across federal district courts reveals very few factually similar cases. However, several other jurisdictions have allowed such claims to proceed. For example, in *Kelly v. Bass Enterprises*, the Eastern District of Louisiana allowed the wife of a non-seaman injured while piloting a non-commercial boat to move forward with loss of consortium claims. *Kelly v. Bass Enterprises Prod. Co.*, 17 F. Supp. 2d 591, 599 (E.D. La. 1998) ("Neither logic nor maritime

history supports restricting *Yamaha* to only fatal injury claims . . . . Thus, [plaintiff's] claim for loss of consortium under Louisiana law is "preserved" by *Yamaha* . . . . "). Similarly, in *Morgan v. Almars Outboards, Inc.*, the District of Delaware held that punitive damages and loss of consortium damages are available to non-seamen under general maritime law. 316 F. Supp. 3d 828, 838 (D. Del. 2018). In reaching this decision, the court cited to the Supreme Court's decision in *Atlantic Sounding Co., Inc. v. Townsend* 557 U.S. 404 (2009). In *Townsend*, the Court established a two-step inquiry to determine whether to permit a particular claim under general maritime law: (1) determine whether the claim has been historically available in general maritime law and (2) determine whether a statute eliminates the availability of such a claim. 557 U.S. at 404. Following these inquiries, the court in *Morgan* allowed a non-seaman plaintiff injured in a boating accident to bring a loss of consortium claim. In so holding, the court found that (1) loss of consortium claims were well established in general maritime law, and (2) the Jones Act was clearly established to protect the rights of seamen, not restrict the rights of non-seamen maritime plaintiffs. *Id.* at 842. The court noted that this outcome was consistent with the outcome in *Yamaha*, which allowed for state law remedies to supplement areas where no federal statute provided relief. *Id.* at 844.  Other courts have found similarly. *See, e.g. In re Horizon Cruises Litig.*, 101 F. Supp. 2d 204 (S.D.N.Y. 2000), *Crear v. Omega Protein, Inc.*, No. CIV.A. 99-420, 2002 WL 1941447 (E.D. La. Aug. 21, 2002), *Ross v. Boodry*, 54 F. Supp. 2d 1199 (S.D. Tex. 1999).

      Based on the review of this authority—and absent any interpretation by the Third Circuit of *Miles* and *Yamaha*—the Court finds that it would be inappropriate to grant summary judgment for Defendant in this case. The facts of this case almost squarely fit with the facts at bar in *Yamaha*, save for the fact that Plaintiff in the present case was not fatally injured. Thus, the Court follows *Yamaha* and the District of Delaware's well-reasoned opinion in *Morgan* and permits Plaintiff

Bryan Robertson to proceed with his claim for loss of consortium for his wife's injuries. The Motion for Partial Summary Judgment is **DENIED** on this ground.

### B. Loss of Use and Physical Damage to Jet Ski

Defendant next argues that Plaintiffs cannot recover for loss of use of their jet ski under general maritime law, and that Plaintiffs have not offered any evidentiary support for their physical damage claim. (Mot. at 1–2). In opposition, Plaintiffs assert their third count provides for both a loss of use claim and a claim for physical damage to the jet ski, but seemingly do not dispute that their loss of use claim is unavailable. (Opp. at 4). In turn, Defendant replies that Plaintiffs also have not met the burden of providing sufficient evidence of damages or cost of repair. (Reply at 4.)

This Court agrees with Defendant that it is well-settled law that the owner of a pleasure boat (or vessel) is only entitled to loss of use damages if the owner can prove lost profits with reasonable certainty. *See Cent. State Transit & Leasing Corp. v. Jones Boat Yard, Inc.*, 206 F.3d 1373, 1376 (11th Cir. 2000) (collecting cases). Plaintiffs do not contest this in their briefing and do not provide any evidence as to lost profits in discovery. Therefore, the loss of use claim is undeniably barred.

As to the claim for physical damage to the jet ski, Plaintiffs' arguments on this claim largely miss the point. Plaintiffs' Complaint mentions "damage[] and depreciat[ion]" to the jet ski and Plaintiff's deprivation "of the use thereof." (Comp. ¶ 10). However, at summary judgment, Plaintiffs may not merely rely on the bare allegations in the pleadings—rather, they must demonstrate that there are facts upon which a reasonable jury could find that there was damage. Plaintiffs' brief and statement of material facts fails to point to any *evidence* which proves the cost of any damage to the jet ski. A review of the discovery record reveals only cursory mentions of

front-end damage to the jet ski. (Def's. Dep. of Deanna Robertson at 58). But aside from these general allegations, Plaintiffs have entirely failed to produce evidence as to jet ski damage. While the nonmovant's burden to survive summary judgment is low, it is not nonexistent. A plaintiff cannot, as the Plaintiffs have here, rest solely on their pleadings and statements from their attorneys. As such, Defendant's partial motion for summary judgment as to Plaintiffs' third cause of action is **GRANTED**.

### IV.   CONCLUSION

For the reasons contained herein, Defendant's Partial Motion for Summary Judgment (Doc. 46) is **DENIED** as to Plaintiff Bryan Robertson's loss of consortium claim and **GRANTED** as to Plaintiffs' claim for damage and loss of use of their jet ski. An accompanying Order shall issue.

Dated: 7/29/2021 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge